ANNA Y. PARK
U.S. Equal Employment Opportunity Commission
Los Angeles District Office
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Tel: (213) 894-1083
Fax: (213) 894-1031
email: lado.legal@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> YUN'S CORPORATION, TOWN, INCORPORATED d/b/a TOWNHOUSE, and DOES 1-10, Inclusive, <br><br> Defendants. | Civil Action No. CV 07-0031 <br><br> **FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND** <br><br><br> Honorable Alex R. Munson |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) and Title I of the Civil Rights Act of 1991 to correct intentional and unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Suzette Divina-Cruz ("Charging Party Cruz") and a class of similarly situated women who were discriminated against due to their sex (pregnancy). The Commission alleges that Charging Party Cruz and a class of similarly situated women were terminated on the basis of their sex (pregnancy).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in Saipan, Northern Mariana Islands and within the jurisdiction of this Court.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k).

4. At all relevant times, Defendant Yun's Corporation, a corporation registered to do business in the Commonwealth of the Northern Mariana Islands, has continuously been doing business on the island of Saipan as Payless Supermarket and has continuously had at least 15 employees.

5. At all relevant times, Defendant Town, Incorporated, a corporation registered to do business in the Commonwealth of the Northern Mariana Islands, has continuously been doing business on the island of Saipan as Townhouse Department Store, and has continuously had at least 15 employees.

6. Plaintiff is ignorant of the true names and capacities of each "Defendant," sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE "Defendant" individually or corporately as they become known. Plaintiff alleges that each "Defendant" named as DOE was in some manner responsible for these acts and omissions

alleged and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

7. It is further alleged on information and belief that the named Defendants in the complaint are alter egos, joint employers, and/or integrated enterprises of each other.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to Defendants, each acting as a successor, agent, employee or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant complained of herein. Whenever and wherever reference to any act in this Complaint to any act by a Defendant, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant, acting individually, jointly and/or severally.

9. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Charging Party Cruz filed a charge with the Commission alleging violations of Title VII by Defendant Yun's Corporation. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least March 2006, Defendants have engaged in unlawful employment practices and a pattern of such practices at their stores, including their Payless Supermarket and Townhouse stores, in violation of Section 703(a) and Section 707 of Title VII, 42 U.S.C. § 2000e-2(a) by failing to renew the employment contracts of Charging Party Cruz and a class of similarly situated women because they became pregnant. Charging Party Cruz

was hired to work at Payless but for most of her employment with Defendants she was assigned to work at Townhouse.

12. The effect of the practice complained of above has been to deprive Charging Party Cruz and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as an employee, because of their sex (pregnancy).

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party Cruz and other similarly situated individuals who were discriminated against because they became pregnant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination on the basis of pregnancy and any other employment practice which discriminates on the basis of sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Charging Party Cruz and other similarly situated individuals who were discriminated against on the basis of pregnancy, by providing appropriate backpay with prejudgment interest, and front pay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants to make whole Charging Party Cruz and other similarly situated individuals who were discriminated against on the basis of pregnancy, by providing compensation for past and future pecuniary losses resulting from the unlawful employment

practices described above, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Party Cruz and other similarly situated individuals who were discriminated against on the basis of pregnancy, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party Cruz and other similarly situated individuals punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507

BY:

Date: July 01, 2008

/s/
ANNA Y. PARK
Regional Attorney

5